IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-110-D

| | |
|---|---|
| SHILIKA STRINGFELLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN CAYABYAB, ) | |
| ) | |
| Defendant. ) | |

On March 10, 2016, Shilika Stringfellow ("Stringfellow" or "plaintiff") filed a pro se complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 for race discrimination and retaliation against her co-worker John Cayabyab ("Cayabyab" or "defendant"). See [D.E. 1]. Stringfellow also cited 42 U.S.C. § 1983. See id. On April 25, 2016, Cayabyab moved to dismiss Stringfellow's pro se complaint and filed a memorandum in support. See [D.E. 13, 14]; Fed. R. Civ. P. 12(b)(6). On May 19, 2016, Stringfellow moved to amend her complaint or to voluntary dismiss it without prejudice. See [D.E. 17]. On June 13, 2013, Cayabyab responded in opposition to Stringfellow's motion to amend and argued that the proposed amendment was futile. See [D.E. 19]. As explained below, the court grants Cayabyab's motion to dismiss, and denies as futile Stringfellow's motion to amend.

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A court

need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

When Stringfellow filed her complaint, she was proceeding pro se. The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The court has reviewed the pro se complaint under the governing standard. The court dismisses Stringfellow's claims under Title VII against Cayabyab because Crayabyab, acting as a supervisor, cannot be "liable in [his] individual capacit[y] for Title VII violations." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998). Likewise, because Stringfellow does not plausibly allege that Cayabyab is a state actor, any claim against him under 42 U.S.C. § 1983 fails. See, e.g., Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); West v. Atkins, 487 U.S. 42, 48–51 (1988); Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180–85 (4th Cir. 2009). Because Stringfellow's proposed amended complaint does not cure these fundamental defects, the court denies as futile Stringfellow's motion for leave to amend to clarify her Title VII or section 1983 claim against Cayabyab. See, e.g., Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.

2

1986). As for Stringfellow's proposed state-law tort claims against Cayabyab of assault, battery, and negligent intentional infliction of emotional distress, the proposed amended complaint states that Stringfellow and Cayabyab are citizens of North Carolina. See [D.E. 17] ¶¶ 1–2. Thus, the court does not have jurisdiction over these claims based on diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332. Accordingly, Stringfellow cannot pursue those tort claims against Cayabyab in federal court, but may pursue them in North Carolina state court. Cf. 28 U.S.C. § 1367(c).

In sum, defendant's motion to dismiss [D.E. 13] is GRANTED, and plaintiff's motion to amend [D.E. 17] is DENIED as futile. Plaintiff's Title VII claim against defendant is DISMISSED with prejudice. Plaintiff may pursue her state-law tort claims against defendant in North Carolina state court. Defendant's motion for summary judgment [D.E. 24] is DISMISSED as moot. The clerk shall close the case.

SO ORDERED. This 13 day of October 2016.

JAMES C. DEVER III
Chief United States District Judge